## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.:_____23-CV-1312_____

FLORIDA INJURY LAW FIRM, P.A., a Florida
corporation

          Petitioner,

v.

LIBERTY     MUTUAL     INSURANCE
COMPANY,  a  Massachusetts  corporation
INDIANA   INSURANCE   COMPANY,   an
Indiana corporation, and THE NETHERLANDS
INSURANCE  COMPANY,  a  New  Hampshire
corporation

          Respondents.

_____/

## PETITION FOR ENFORCEMENT OF ATTORNEYS' FEE CHARGING LIEN

      Petitioner Florida Injury Law Firm, P.A. ("Petitioner"), by and through undersigned

counsel, hereby sues Liberty Mutual Insurance Company ("Liberty Mutual"), Indiana Insurance

Company ("Indiana Insurance") and The Netherlands Insurance Company ("Netherlands

Insurance") (collectively "Respondents"), and alleges:

      1.      This is an action in equity to enforce an attorneys' fee charging lien. *See Litman v.*

*Fine, Jacobson, Schwartz, Nash, Block & Eng., P.A.*, 517 So. 2d 88 (Fla. 3d DCA 1987).

      2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based

upon the diverse citizenship of the parties and the amount in controversy, which exceeds

$75,000.00, exclusive of interest and costs.

      3.      Petitioner is a professional association incorporation under the law of Florida.

Petitioner that provides legal services throughout the State of Florida with its principal place of

business located in Orange County, Florida. Therefore, Petitioner is a citizen of Florida.

4.     Respondents are all affiliate foreign insurance companies operating under the same umbrella company, Liberty Mutual, which together and in concert violated Petitioner's attorney's fee charging lien.

5.     Respondent Liberty Mutual is a foreign insurance company incorporated under the laws of Massachusetts with its principal place of business in Boston, Massachusetts, and therefore, is a Massachusetts citizen for diversity purposes.

6.     Liberty Mutual is registered, qualified, and authorized to do business in Florida, and has at all times material hereto been conducting business throughout Florida, including Orange County. Liberty Mutual does business under the name "Liberty Mutual Insurance," and is the parent company of both Indiana Insurance and Netherlands Insurance. Liberty Mutual has obtained a certificate of authority from the State of Florida to transact business in Florida.

7.     Respondent Indiana Insurance is a foreign insurance company incorporated under the laws of Indiana, with its principal place of business in Indianapolis, Indiana, and therefore, is an Indiana citizen for diversity purposes.

8.     Indiana Insurance is registered, qualified, and authorized to do business in Florida, and has at all times material hereto been conducting business throughout Florida, including Orange County. Indiana Insurance has obtained a certificate of authority from the State of Florida to transact business in Florida.

9.     Respondent Netherlands Insurance is a foreign insurance company incorporated under the laws of New Hampshire with its principal place of business in Dover, New Hampshire, and therefore, is a citizen of New Hampshire for diversity purposes.

10.     Netherlands Insurance is not registered or authorized to conduct insurance business

in Florida. Upon information and belief, Netherlands Insurance has at all times material hereto been conducting business throughout Florida, including Orange County. Netherland Insurance Company has purposefully availed itself of the privilege of conducting activities within the State of Florida, and has itself, and/or through an agent:

    (a)    Contracted to insure a person, property, or risk located within this state at the time of contracting. Upon information and belief, Netherlands Insurance insured, and/or provided liability insurance coverage to, the Tortfeasors as identified below; and

    (b)    Operated, conducted, engaged in, and carried on their business of insurance through offices and/or agencies in Florida, out of which activity the cause of action alleged herein has arisen.

11.    Upon information and belief, Netherlands Insurance itself, and/or through its agents, engaged in substantial and not isolated activity within Florida, including the issuance of liability insurance policies, claims handling, providing coverage for, and payment of, claims in Orange County.

12.    Petitioner's claim arises out of and relates to the insurance coverage and claim payment by Respondents in the State of Florida, which are activities purposefully directed at Florida.  Respondents violated Petitioner's attorney's fee charging lien when they wrongfully disbursed the proceeds of a settlement in Florida without protecting Petitioner's charging lien.

13.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

14.    On January 20, 2016, Petitioner was retained by Prerana Trivedi ("Client") to

represent her in a personal injury claim against the tortfeasors, Joeliz Moralez and Blue Chip 2000 Commercial Cleaning, Inc. ("Tortfeasors"), under a standard Contingent Fee Agreement in which Petitioner would be paid from the proceeds of any recovery.

15.     Petitioner conducted all necessary investigation, obtained all necessary documentation, and performed substantial work on Client's file, which advanced the claim towards settlement with the Tortfeasors, who were insured under a policy of liability insurance issued by Respondents, or who Respondents provided coverage for under a liability policy.

16.     On or around the beginning of March 2018, before Petitioner could settle Client's claim, Petitioner was discharged and attorney Thomas Schmitt (who had previously worked with Petitioner's law firm) and his law firm were retained by Client to pursue the claim.

17.     On March 9, 2018, Petitioner served Respondents with written notice of its charging lien on the proceeds of any settlement of Client's personal injury claim. A true and correct copy of the March 9, 2018 Notice of Charging Lien is attached hereto as Exhibit "A."

18.     After Respondents received notice of Petitioner's lien, Respondents settled Client's personal injury claim, for the total sum of $1,600,000.00, and disbursed all settlement proceeds to attorney Schmitt and his law firm without protecting or honoring Petitioner's charging lien. The 07/20/2021 settlement check in the amount of $611,228.64 identifying both Liberty Mutual Insurance and Indiana Insurance as "makers" or "drawers" is attached as Exhibit "B." The 07/20/2021 settlement check in the amount of $988,771.36 identifying both Liberty Mutual Insurance and Netherlands Insurance Company as "makers" or "drawers" is attached as Exhibit "C."

19.     Petitioner and Client had an express contract under which Petitioner's legal fees for representing Client in the personal injury claim would be paid out of any recovery against the

Tortfeasors.

20.     Petitioner's legal work provided substantial value to Client's claim, which culminated in a favorable settlement to Client.

21.     Respondents were on notice of Petitioner's charging lien before they disbursed any settlement proceeds.

22.     Respondents' disbursement of the settlement proceeds, without protecting Petitioner's charging lien, was a violation of the lien for which Respondents are liable.

23.     To date, Petitioner has not received payment on its Lien. Petitioner, under its lien, is due $464,800.00 in attorney's fees and $344.95 in costs from the settlement funds paid by Respondents.

24.     All conditions precedent to this action have been performed, waived, or have occurred.

WHEREFORE, Petitioner, FLORIDA INJURY LAW FIRM, P.A, demands enforcement of its equitable charging lien against Respondents along with such other relief as the Court deems just and proper, including pre and post judgment interest, and all costs incurred in pursuing enforcement of the lien.

Respectfully Submitted,

**Law Office of Christopher F. Zacarias, P.A.**
*Counsel for Petitioner.*
8660 W. Flagler Street, Suite 100
Miami, Florida 33144
Tel.: (305) 403-2000
Fax: (305) 459-3964

By: /s/ Christopher F. Zacarias
        Christopher F. Zacarias, Esq.
        Florida Bar No. 85609
        czacarias@zacariaslaw.com
        pleadings@zacariaslaw.com



EXHIBIT A



**FLORIDA INJURY**
LAW FIRM

March 9, 2018

Sent Via Facsimile 888-268-8840
and Via Certified Mail 91 7199 9991 7034 2406 4824

Amy Bolton
Liberty Mutual Commercial Insurance
PO BOX 515097
Los Angeles, CA 90051

RE:    Our Client:        Prerana Trivedi
       Date of Loss:      1/8/2016
       Your Claim:        405560850
       Your Insured:      Blue Chip 2000 Commercial

<u>Notice of Charging Lien</u>

Dear Ms. Bolton:

The above-referenced client has advised that she no longer wishes for the Florida Injury Law Firm to represent her in the matter against your insured.

Please take notice that Florida Injury Law Firm, P.A. hereby asserts a charging lien for work done on the file to date and costs incurred. Please confirm that you agree to add Florida Injury Law Firm as a co-payee on any draft or check issued. Your failure to do so will subject you to damages for your failure to protect our charging lien.

Thank you for your attention to this matter.

Sincerely,

*Johnny A. Pineyro*

Johnny A. Pineyro, Esq.
Founder



# EXHIBIT B

AMC *001462*
ATTN: BLCC
PO BOX 1525
DOVER, NH 03821-1525

Liberty Mutual.
INSURANCE

CITIBANK NA, ONE PENNS WAY
NEW CASTLE, DE 19720

0050551973
42-28/311
38979437

CHECK DATE
07/20/21

| B.CODE | OFFICE NUMBER | PAYMENT IDENTIFICATION |
|--------|---------------|------------------------|
| 489    | ENVI          | 005739890              |

INDIANA INSURANCE COMPANY

$ **********611,228.64

VOID IF NOT PRESENTED WITHIN 90
DAYS OF ISSUE DATE OF CHECK

PAY SIX HUNDRED ELEVEN THOUSAND TWO HUNDRED TWENTY EIGHT AND 64/100 DOLLARS*************************************

TO THE
ORDER
OF

FLORIDA PERSONAL INJURY LAW TEAM TRUST
5401 S KIRKMAN RD STE 310
ORLANDO FL 32819-7937

THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

PCSCK (5/18)

DATE OF MOBILE DEPOSIT ___/___/___

For Deposit Only
FLORIDA Personal Injury
Law Team



EXHIBIT C

AMC *001463*
ATTN: BLCC
PO BOX 1525
DOVER, NH 03821-1525

Liberty Mutual.
INSURANCE

CITIBANK NA, ONE PENNS WAY
NEW CASTLE, DE 19720

62-20/311
38979437

CHECK DATE
07/20/21

| B.CODE | OFFICE NUMBER | PAYMENT IDENTIFICATION |
|--------|---------------|------------------------|
| 409    | ENVI          | 405560850              |

THE NETHERLANDS INSURANCE COMPANY

$ **********988,771.36

VOID IF NOT PRESENTED WITHIN 90
DAYS OF ISSUE DATE OF CHECK

PAY **NINE HUNDRED EIGHTY EIGHT THOUSAND SEVEN HUNDRED SEVENTY ONE AND 36/100 DOLLARS**********************************

TO THE
ORDER
OF

FLORIDA PERSONAL INJURY LAW TEAM TRUST
5401 S KIRKMAN RD STE 310
ORLANDO FL  32819-7937

PCSCK (5/18)

2023042444000204000285
IMAMGR S3
20210723 Arch 000000000030848449
000000000160000000 000000000000 C
000000001225081408

Daniel Connolly